Michael Sauro, et ux. vs. Winifred Devine, et al. } Eq. No. 11728.

February 16, 1933.

WALSH, J. Heard on bill, answer and proof.

This is a bill in equity seeking to restrain the respondents from a continuing trespass upon the land of complainants, whereby the land of complainants is alleged to have been seriously damaged and the use and occupation thereof by complainants to have been seriously interfered with, and praying the assessment of damages for said injuries.

The land of complainants on Windmill street in the City of Providence is bounded on three sides by land of respondents. The City of Providence established a grade for Windmill street, which grade was somewhat higher than the land of both the parties hereto. The respondents filled in their land in an attempt to bring it to the level of the established grade. The complainants refused to fill in their land. As a result, the land of complainants is much lower than that of

respondents and the complainants allege that the filling and water from respondents' land have flowed upon the land of complainants.

The Court viewed the premises and found that respondents filled in their land with care, leaving sufficient space on their own land between the edge of the fill and the line of complainants to prevent their soil from falling on complainants' land, and also that respondents had erected a substantial dry wall in certain spots where slides would be likely to occur. There was no evidence on the view by the Court that any appreciable amount of soil had come on to the land of complainants from respondents' land. By coincidence, the day of the view was rainy and there was no evidence that any water came from respondents' land upon the land of complainants.

The evidence showed the only interference or trespass was the filling above mentioned. There was no evidence of the accumulation of water by artificial means so as to considerably increase its volume or of any detrimental effect of the flow of such water on the neighbors' land. The increase of water, if any, was due to the change of grade of the street. Hence, the case of *Inman* vs. *Tripp*, 11 R. I. 520, cited by complainants in their brief, does not apply to the instant matter. We rather feel that the doctrine set forth in the cases of *Wakefield* vs. *Newell*, 12 R. I. 75, and *Johnson* vs. *White, City Treasurer*, 26 R. I. 207, is the established law of our State. Therefore, we find that unless the complainants show by a fair preponderance of the testimony that the respondents caused surface water to be collected from a large area and then caused it to flow on complainants' land, thereby increasing the volume of water and the detrimental effect upon the neighbors' land, then respondents are not liable at law in an action for damages. In equity, injunctions will not issue when the

thing to be enjoined has been done and no further acts of trespass are threatened. Mandatory relief is not sought in this case.

There is no evidence in this case which would warrant the equity court in taking jurisdiction in granting relief by injunction. The respondents have finished the filling upon their land. There is no evidence that this filling has in the past or threatens now to interfere seriously with the use and occupation of their land by complainants. There is some slight indication in spots upon the land of complainants of small quantities of sand which might have come from the land of respondents but such spots are negligible. We think that the respondents had the right to bring their land to the level of the grade established by the City of Providence and from the evidence and from the view, we are convinced that they did this in a reasonably careful and prudent manner and that no serious damage resulted to complainants therefrom.

The prayer for relief is denied and dismissed.

For complainant: Charles A. Kiernan.

For respondent: Quinn, Kernan & Quinn.